IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

JOHN S. SHIPLEY and  
ROCHELLE D. SHIPLEY,  

    Plaintiffs,  

  v.                          :   Civil Action No. 08-554-JJF  

NEW CASTLE COUNTY, a  
political subdivision of  
State of Delaware;  
HERSHAL PUROHIT, ESQUIRE:  
MICHAEL P. WALSH, Sheriff;  
and SHARON AGNEW,  
Prothonotary,  

    Defendants.

## MEMORANDUM ORDER

Plaintiffs, John S. Shipley and Rochelle D. Shipley, filed a pro se Complaint on August 29, 2008. Plaintiffs allege that on October 11, 2007, New Castle County had a judgment entered against them for taxes in the amount of $3,998.40 cents plus costs for tax years 2006-2007. (Attachment to the Complaint at ¶ 1.) Plaintiffs allege that they paid the taxes due for that year "on 7/20/2007 in the amount of $1,825.03 which covered School Taxes for 2006, Sewer Tax, County Tax for years 2006 and 2007; School Taxes for 2007 were not due." (Attachment to the Complaint at ¶ 2.) Plaintiffs further allege that Defendant Walsh sold their property at a sheriff's sale on June 10, 2008. Plaintiffs allege discrimination based on race and color, requests money damages in the amount of three million dollars, and in Paragraph 11 of the Complaint requests the Court to "stop

the Defendant from taking my house." (Complaint at ¶ 11.) The Complaint further states that it is brought pursuant to "28 U.S.C.S. § 1331, 28 U.S.C.S. § 1343 and 28 U.S.C.S. § 2201 . . . the 14 Amendment of the United States Constitution, 42 U.S.C.S. §§ 1981, 1983, 1985(3) and 1986, Article 4 and the 14 Amendment for discrimination related to 28 U.S.C.S. § 2201 discriminatory practices by defendants against plaintiffs." (Complaint ¶ 1.)

To the extent Plaintiffs seek injunctive relief to somehow stay the State Court proceedings or a stay to prevent the transfer of their deed of title, the Court construes their request as a motion for temporary restraining order and/or preliminary injunction.[1] In its discretion, the Court may grant or deny injunctive relief after balancing four factors: (1) the moving party's likelihood of success on the merits, (2) whether the moving party will suffer irreparable harm, (3) whether granting relief will cause greater harm to the nonmovant, and (4) the public interest. Injunctive relief is not appropriately ordered where there is an adequate remedy at law.

Applying these factors, the Court concludes that: (1) Plaintiffs have not demonstrated a likelihood of success on the merits of their discrimination claims; (2) Plaintiffs have not demonstrated irreparable injury because Delaware state law and

---

[1] Service has been made on the Defendants in this action, and therefore, they have notice of Plaintiffs' Complaint.

courts are available to Plaintiffs for relief, and Plaintiffs have filed this action also requesting money damages in relief if they are successful on their discrimination claims; and finally (3) in the circumstances of a state court ordered monitions sale, challenges to the premise of such sale should be litigated in the state court and any federal constitutional challenge are more appropriately addressed in the context of Plaintiffs money damages claims if warranted.

NOW THEREFORE, IT IS HEREBY ORDERED THAT to the extent Plaintiffs seek injunctive relief, their Motion For Temporary Restraining Order is **DENIED**, without prejudice to Plaintiffs' other asserted claims, which remain pending before the Court.

| | |
|---|---|
| September 5, 2008 | *[signature]* |
| DATE | UNITED STATES DISTRICT JUDGE |