```
              IN THE UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF DELAWARE

JOHN S. SHIPLEY and ROCHELLE  :
D. SHIPLEY,                   :
                              :
          Plaintiffs,         :
                              :
     v.                       : Civil Action No. 08-554-JJF
                              :
NEW CASTLE COUNTY, a political:
subdivision of State of       :
Delaware, HERSHAL PUROHIT,    :
Esquire, MICHAEL P. WALSH,    :
Sheriff, and SHARON AGNEW,    :
Prothonotary,                 :
                              :
          Defendants.         :
```

## MEMORANDUM ORDER

### I.   INTRODUCTION

Plaintiffs John S. Shipley and Rochelle D. Shipley, who

proceed pro se, filed a Motion For Reargument of the Court's

September 5, 2008 Memorandum Order which the Court construes as a

Motion For Reconsideration and an Emergency Petition For

Injunction Relief And Temporary Restraining Order.  (D.I. 10,

12.)

### II.  RECONSIDERATION

#### A.   Standard of Review

The standard for obtaining relief under Rule 59(e) is

difficult for Plaintiffs to meet.  The purpose of a motion for

reconsideration is to correct manifest errors of law or fact or

to present newly discovered evidence.  Harsco Corp. v. Zlotnicki,

779 F.2d 906, 909 (3d Cir. 1985).  A motion for reconsideration

may be granted if the moving party shows: (1) an intervening
change in the controlling law; (2) the availability of new
evidence that was not available when the court issued its order;
or (3) the need to correct a clear error of law or fact or to
prevent manifest injustice.  Max's Seafood Café v. Quinteros, 176
F.3d 669, 677 (3d Cir. 1999).

A motion for reconsideration is not properly grounded on a
request that a court rethink a decision already made.  See
Glendon Energy Co. v. Borough of Glendon, 836 F. Supp. 1109, 1122
(E.D. Pa. 1993).  Motions for reargument or reconsideration may
not be used "as a means to argue new facts or issues that
inexcusably were not presented to the court in the matter
previously decided."  Brambles USA, Inc. v. Blocker, 735 F. Supp.
1239, 1240 (D. Del. 1990).  Reargument, however, may be
appropriate where "the Court has patently misunderstood a party,
or has made a decision outside the adversarial issues presented
to the Court by the parties, or has made an error not of
reasoning but of apprehension."  Brambles USA, 735 F. Supp. at
1241 (D. Del. 1990) (citations omitted); See also D. Del. LR
7.1.5.

**B.  Discussion**

On September 5, 2008, the Court entered an Order denying
that portion of Plaintiffs' Complaint which sought injunctive
relief.  (D.I. 1, 9.)  Plaintiffs move for reconsideration on the

-2-

grounds that the Court treated their Petition (i.e., Complaint) as a Motion and "because the State Court is told to not let [Mr. Shipley] file any more documents any more." An exhibit provided to the Court belies Plaintiffs' claim. Attached as an Exhibit to Plaintiffs' Emergency Motion For Injunctive Relief is a portion of the Court Docket from the Superior Court of New Castle County, Delaware. (D.I. 12.) Mr. Shipley filed a Petition To Reconsider with the Court as recently as September 12, 2008. Moreover, as previously discussed, the Delaware state court provides Plaintiffs with an avenue for relief.

The Court does not find its previous decision to be erroneous, and Plaintiffs have not demonstrated to the Court any other ground necessary to warrant reconsideration of its previously entered order. Accordingly, the Court will deny Plaintiffs' Motion For Reargument.

## III. INJUNCTIVE RELIEF

### A. Standard of Review

When considering a motion for a temporary restraining order or preliminary injunction, plaintiff must demonstrate that: (1) he is likely to succeed on the merits; (2) denial will result in irreparable harm; (3) granting the injunction will not result in irreparable harm to the defendant(s); and (4) granting the injunction is in the public interest. Maldonado v. Houstoun, 157 F.3d 179, 184 (3d Cir. 1997). "[A]n injunction may not be used

-3-

simply to eliminate a possibility of a remote future injury, or a future invasion of rights." Continental Group, Inc. v. Amoco Chems. Corp., 614 F.2d 351, 359 (3d Cir. 1980)(quoting Holiday Inns of Am., Inc. v. B & B Corp., 409 F.2d 614, 618 (3d Cir. 1969)). "The relevant inquiry is whether the movant is in danger of suffering irreparable harm at the time the preliminary injunction is to be issued." SI Handling Sys., Inc. v. Heisley, 753 F.2d 1244, 1264 (3d Cir. 1985).

## B. Discussion

Plaintiffs' real estate was sold at a sheriff's sale on June 10, 2008. (D.I. 12.) Plaintiffs were advised they could redeem the property, thirty days after the sale, upon payment of $17,000.00 plus costs, but failed to do so. A Petition For Deed has been filed by the purchaser of the real estate and, while not clear, it appears that Plaintiffs seek injunctive relief to stop the Superior Court from entering an Order directing the Sheriff to deliver the deed to the purchaser of the real estate. The Superior Court docket indicates that Mr. Shipley filed a Petition To Open Judgment on August 27, 2008. It was denied on September 3, 2008, and Mr. Shipley filed a Petition To Reconsider on September 12, 2008, which is pending. (D.I. 12, ex.) Plaintiffs claim they paid their taxes, and they were not given the right to be heard before any Court. (Id.)

-4-

Under the doctrine of Younger abstention, federal courts are prevented from enjoining pending state proceedings absent extraordinary circumstances.[1] Middlesex County Ethics Comm. v. Garden State Bar Ass'n, 457 U.S. 423, 437 (1982); Greg v. Pagano, No. 07-3433, 2008 WL 2816087 (3d Cir. July 23, 2008). The Court must abstain where: "(1) there are ongoing state proceedings involving the would-be federal plaintiffs that are judicial in nature, (2) the state proceedings implicate important state interests, and (3) the state proceedings afford an adequate opportunity to raise the federal claims." Middlesex County, 457 U.S. at 432; Gwynedd Properties, Inc. v. Lower Gwynedd Twp., 970 F.2d 1195, 1200 (3d Cir. 1992).

Here, there are prior pending state court proceedings that directly relate to Plaintiff's dispute. Second, Delaware has an important interest in resolving real estate tax and lien issues, and ruling in the Superior Court proceeding implicates the important interest of preserving the authority of the state's judicial system. See e.g., Prindable v. Ass'n of Apt. Owners of 2987 Kalakaua, 304 F. Supp. 2d 1245, 1262 (D. Haw. 2003) (finding

_____

[1]Pursuant to Younger, the only basis for federal court interference is where one of four exceptions are met: (1) irreparable injury is both great and immediate; (2) the state law is flagrantly and patently violative of express constitutional prohibitions; (3) there is a showing of bad faith or harassment; or (4) other unusual circumstances call for equitable relief. Mitchum v. Foster, 407 U.S. 225, 230(citing Younger v. Harris, 401 U.S. 37, 46-54 (1971)).

foreclosure and ejectment proceedings important state interests
under the <u>Younger</u> doctrine); <u>Greg v. Pagano</u>, No. 07-3433, 2008 WL
2816087 (3d Cir. July 23, 2008) (court abstained under the
<u>Younger</u> doctrine where plaintiffs sought a declaration that the
judge was not authorized to nullify transfer of title and for an
order enjoining the sheriff from conducting a sheriff's sale.).
Finally, Plaintiffs have had an adequate opportunity to raise
their due process claims in state court, and, in fact have done
so.  Additionally, Delaware's appellate court is an adequate
forum for review of Plaintiffs' federal due process claims.
Accordingly, pursuant to <u>Younger</u> and its progeny the Court must
abstain.  See <u>Pennzoil Co. v. Texaco, Inc.</u>, 481 U.S. 1, 15(1987)
(stating that <u>Younger</u> abstention is favored even after the
plaintiffs failed to raise their federal claims in the ongoing
state proceedings).  Therefore, the Court will deny Plaintiffs'
Emergency Petition For Injunction Relief And Temporary
Restraining Order.[2]

---

[2]It may be that <u>Rooker-Feldman</u> doctrine is also application.
In some circumstances, the <u>Rooker-Feldman</u> doctrine deprives a
federal district court of jurisdiction to review a state court
adjudication.  <u>Turner v. Secretary of U.S. Dep't Housing and
Urban Dev.</u>, 449 F.3d 536, 547 (3d Cir. 2006). The <u>Rooker-Feldman</u>
doctrine applies to "cases brought by state-court losers
complaining of injuries caused by state-court judgments rendered
before the district court proceedings commenced and inviting
district court review and rejection of those judgments."  <u>Exxon
Mobil Corp. v. Saudi Basic Indus. Corp.</u>, 544 U.S. 280, 284
(2005).  Here, Plaintiffs allege injury based upon the actions
taken by Superior Court judges and the Sheriff with regard to the
sale of his real estate at a sheriff's safe.  Although not framed

**IV.  CONCLUSION**

    NOW THEREFORE, IT IS HEREBY ORDERED that:

    1.  Plaintiffs' Motion for Reconsideration is **DENIED**.  (D.I.

10.)

    2.  Plaintiffs' Emergency Petition For Injunction Relief And

Temporary Restraining Order is **DENIED**.  (D.I. 12.)


 September 19, 2008                    _____
       DATE                           UNITED STATES DISTRICT JUDGE


_____

as such, in essence, Plaintiffs seek review and rejection of the
Delaware state court judgments and decisions rendered against
them.  Accordingly, the claims fall under the purview of the
Rooker-Feldman doctrine and are barred.

-7-