IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| JOHN S. SHIPLEY and ROCHELLE SHIPLEY, | : | |
| | : | |
| Plaintiffs, | : | |
| | : | |
| v. | : | Civ. Action No. 08-554-JJF |
| | : | |
| NEW CASTLE COUNTY, HERSHAL PUROHIT, SHERIFF MICHAEL P. WALSH, and SHARON AGNEW, | : | |
| | : | |
| Defendants. | : | |

John S. Shipley and Rochelle D. Shipley, Pro se Plaintiffs, New Castle, Delaware.

Harshal Purohit and Megan Sanfrancesco, Esquires, Assistant County Attorneys, New Castle County Law Department, New Castle, Delaware.  Attorney for Defendants New Castle County, Harshal Purohit, and Sheriff Michael P. Walsh.

Marc P. Niedzielski, Esquire, Deputy Attorney General, Delaware Department of Justice.  Attorney for Defendant Sharon Agnew.

**MEMORANDUM OPINION**

February 12, 2009
Wilmington, Delaware

**Farnan, District Judge** *Joseph J. Farnan Jr.*

Presently before the Court is the Motion To Dismiss of Defendants New Castle County, Delaware ("New Castle County"), Michael P. Walsh ("Sheriff Walsh"), and Harshal Purohit ("Attorney Purohit")[1] (collectively "Defendants"), Plaintiff John S. Shipley's Response, and Defendants' Reply. (D.I. 15, 22, 23.) Also before the Court is Plaintiffs' Motion For Leave And Extension Of Time To File Sur-Reply And For Entry Of Default Judgment. (D.I. 24.) For the reasons below, the Court will grant Defendants' Motion To Dismiss and will deny Plaintiffs' Motion.

I. **BACKGROUND**

The Complaint, filed pursuant to 28 U.S.C. §§ 1331, 1343, and 2201,[2] 42 U.S.C. §§ 1981, 1982, 1983, 1985(3), and 1986, Article Four, and the Fourteenth Amendment, alleges discriminatory practices based upon race and color, due process and Fourteenth Amendment violations, and conspiracy. (D.I. 1.) More specifically, Plaintiffs allege that on October 11, 2007, New Castle County caused entry of a judgment against them for unpaid taxes when no taxes were owed, Prothonotary Sharon Agnew

---

[1] Incorrectly spelled by Plaintiffs as "Hershal" Purohit.

[2] Sections 1331 and 1343 are jurisdictional statutes and § 2201 is a declaratory judgment statute.

("Agnew")[3] entered judgment against them, Walsh, the New Castle County Sheriff, sold the property on June 10, 2008 at a sheriff's sale, and New Castle County Assistant County Attorney Purohit carried out the unconstitutional and discriminatory practices. The Complaint does not indicate whether the individual Defendants are sued in their official capacity, individual capacity, or both.

In Plaintiffs' Response, they indicate that the judgment at issue was not for unpaid taxes, but for monies owed to New Castle County for removing items and cleaning the property at issue. The Complaint states that Plaintiff John Shipley does not "recognize any law that allows the County to take anyone's property for doing work on their property and for removing cars off their property without their permission." (D.I. 1, ¶ 2.) Attached to the Complaint is a Monition signed by Sheriff Walsh, posted October 18, 2007, that the property at issue will be sold if, within twenty days, the judgment amount is not paid.

Plaintiffs seek a termination of the State proceedings and request the Court to preclude transfer of the deed of title. Plaintiffs asked this Court to stay the proceedings in the "Superior Court of the State of Delaware," a request that was

---

[3]Agnew is not a party to Defendants' Motion.

denied on September 5, 2008. (D.I. 9.) Plaintiffs seek three million dollars in compensatory damages.

The Court takes judicial notice of the following: On August 27, 2008, Plaintiffs filed a Petition To Open Judgment in the Superior Court of the State of Delaware in and for New Castle County, and the Petition was denied a few days later. (D.I. 10, ex.; D.I. 12, ex.) On September 12, 2008, Plaintiffs filed a Motion To Reconsider. (D.I. 12, ex.) The purchaser of the real estate at issue has filed a Petition For Deed. (D.I. 12, ex.) Plaintiffs filed an appeal to the Delaware Supreme Court from the Delaware Superior Court's denial of their Motion To Set Aside the sheriff's sale after their former property was sold in June 2008. (D.I. 26, ex. C.) Plaintiffs requested the Delaware Supreme Court to stay execution of an Order Of Possession until the appeal is heard. (Id. at ex. C.) The Delaware Supreme Court found that Plaintiffs did not timely file the Motion To Set Aside, and did not request expedited consideration of their appeal. (Id.) In denying the Motion To Stay pending appeal, the Delaware Supreme Court found that the Delaware Superior Court did not abuse its discretion in denying the Motion To Stay Execution of the Order Of Possession. (Id.)

Defendants move to dismiss the Complaint pursuant to Fed. R. Civ. P. 12(b)(4), (5) and (6). More particularly, Defendants

argue that Attorney Purohit must be dismissed for insufficient process pursuant to Rule 12(b)(4), Sheriff Walsh must be dismissed for insufficient service of process pursuant to Rule 12(b)(5), and the Complaint must be dismissed for failure to state a claim upon which relief may be granted pursuant to Rule 12(b)(6). Plaintiffs' response does not address the issues raised by Defendants, but reiterates the allegations in the Complaint.

II. **STANDARD OF REVIEW**

Rule 12(b)(6) permits a party to move to dismiss a complaint for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). The Court must accept all factual allegations in a complaint as true and construe them in the light most favorable to Plaintiffs. Erickson v. Pardus, 551 U.S. 89, 127 S.Ct. 2197, 2200 (2007); Christopher v. Harbury, 536 U.S. 403, 406 (2002). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 1964 (2007). A complaint does not need detailed factual allegations, although, "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and

4

conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. at 1965 (citations omitted). The "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations in the complaint are true (even if doubtful in fact)." Id. (citations omitted). Because Plaintiffs proceed pro se, their pleading is liberally construed and their Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 127 S.Ct. at 2200 (citations omitted).

## III. DISCUSSION

The Complaint makes passing reference to several statutes and constitutional provisions. The Complaint states that "the action is brought pursuant to the 14 Amendment of United States Constitution, 42 U.S.C. §§ 1981, 1982, 1983, 1985(3), 1986, and Article 4." (D.I. 1, ¶ 1.) While the allegations are sparse, it is evident that the claims arise out of a judgment lien entered against property owned by Plaintiffs, Plaintiffs contested the judgment and/or amount, and the property was sold at a sheriff's sale. Defendants contend that the Complaint makes no reference to any facts to support Plaintiffs' allegations that Defendants

violated Plaintiffs' constitutional rights.[4]  Accordingly, they move to dismiss all claims for failure to state a claim upon which relief may be granted.

### A.  § 1981 Claim

Plaintiffs raise claims against state actors and a governmental unit.  The exclusive federal remedy against state actors for violation of rights guaranteed in 42 U.S.C. § 1981 is 42 U.S.C. § 1983.  <u>Jett v. Dallas Indep. Sch. Dist.</u>, 491 U.S. 701, 723, 725 (1989).  While providing extensive rights, § 1981 does not itself provide a remedy against state actors.  <u>Id</u>. at 731.  Very recently, the Third Circuit held, with regard to governmental units, "the express cause of action for damages created by § 1983 constitutes the exclusive federal remedy for violations of the rights guaranteed in § 1981 by state governmental units."  <u>McGovern v. Philadelphia</u>, -F.3d-, No. 08-1632, 2009 WL 188134, at *6 (3d Cir. Jan. 8, 2009).  Inasmuch as § 1983 provides the exclusive remedy for § 1981 claims against state actors, the § 1981 claims fail.

---

[4]Defendants' Motion To Dismiss contains of recitation of facts not included or mentioned in the Complaint.  The Court considers only the Complaint, its exhibits, matters of public record, and authentic documents for claims based upon those documents.  <u>See</u> <u>Pension Benefit Guar. Corp. v. White Consol. Indus.</u>, 998 F.2d 1192, 1196 (3d Cir. 1993).

6

**B. § 1982 Claim**

Section 1982 provides that "[a]ll citizens of the United States shall have the same right, in every State and Territory, as is enjoyed by white citizens thereof to inherit, purchase, lease, sell, hold, and convey real and personal property." 42 U.S.C. § 1982. The scope of a § 1982 claim is limited to cases of intentional race discrimination. See Shaare Tefila Congregation v. Cobb, 481 U.S. 615, 617 (1987). To state a claim under § 1982, Plaintiffs must allege that (1) they are members of a racial minority; (2) they applied for and were qualified to rent or purchase certain property or housing; (3) they were rejected because of their race; and (4) the opportunity to purchase or rent remained open. See Chauhan v. M. Alfieri Co., 707 F. Supp. 162, 165 (D.N.J. 1988), rev'd on other grounds, 897 F.2d 123 (3d Cir. 1990), and the cases cited therein; Gregory v. Hasara, Civ. A. No. 90-2289, 1991 WL 53671, at *2 (E.D. Pa. Apr. 3, 1991).

The allegations in the Complaint fail to establish a prima facie case under § 1982. Plaintiffs' allegations refer to an assessment of taxes and the sale of their property at a sheriff's sale for their failure to satisfy a judgment; not the purchase, sale, or rental of property. Additionally, the mere mention of discrimination based upon race and color does not apprise

7

Defendants of their alleged discriminatory acts. No matter how liberally the Complaint is construed, Plaintiffs have failed to allege that Defendants deprived them of their property rights under § 1982. Accordingly, the Court will dismiss the § 1982 claim.

### C. Municipal Liability/Official Capacity

New Castle County and Sheriff Walsh and Attorney Purohit, in their official capacities, seek dismissal of the § 1983 claims on the grounds that Plaintiffs failed to properly state a claim of municipal liability. A municipality can only be liable under § 1983 if the alleged injury is permitted under a specific policy or custom. Monell v. New York Dep't of Social Services, 436 U.S. 658, 694 (1978). To state a § 1983 claim against a municipality, Plaintiffs must: (1) identify a policy or custom that deprived them of a federally protected right, (2) demonstrate that the municipality, by its deliberate conduct, acted as the "moving force" behind the alleged deprivation, and (3) establish a direct causal link between the policy or custom and Plaintiffs' injury. Board of County Comm'rs v. Brown, 520 U.S. 397, 404 (1997). The threshold to municipal liability may be proved with evidence of knowledge and acquiescence by the relevant municipal entity. See Beck v. City of Pittsburgh, 89 F.3d 966, 971 (3d Cir. 1996). Moreover, "[p]roof of a single incident of unconstitutional

8

activity is not sufficient to impose liability under Monell." Oklahoma City v. Tuttle, 471 U.S. 808, 823-24 (1985).

The Complaint does not allege that the alleged constitutional violations were pursuant to an official policy or custom of New Castle County.  As is well-known, a municipality may not be held vicariously liability for the federal constitutional or statutory violations of its employees.  Monell v. New York Dep't of Social Services, 436 U.S. 658, 694 (1978). Nor does the Complaint allege that New Castle County's employees acted pursuant to an official policy or custom.  Accordingly, the Court concludes that the Complaint fails to state a § 1983 claim against which relief may be granted against New Castle County.

Finally, "[o]fficial capacity suits . . . generally represent only another way of pleading an action against an entity of which an officer is an agent." Kentucky v. Graham, 473 U.S. 159, 165 (1985); see also Id. at 169 n.14 ("There is no longer a need to bring official-capacity actions against local government officials, for under Monell, . . . local government units can be sued directly for damages and injunctive or declaratory relief.").  Therefore, the Court will dismiss the § 1983 claims against Sheriff Walsh and Attorney Purohit in their official capacities.

9

**D.   § 1983 Claim**

Liberally construing Plaintiffs' Complaint, they claim that Sheriff Walsh and Attorney Purohit violated their constitutional rights by denying their right to procedural due process as guaranteed by the Fourteenth Amendment.  Plaintiffs essentially contest the lawfulness of a judicially ordered sheriff's sale of property previously owned by them.

The specific allegations against Sheriff Walsh are that on June 10, 2008, Sheriff Walsh sold their property at a sheriff's sale, either personally or through his servants, agents, employees, or deputies.  (D.I. 1, ¶ 5.)  The allegations against Attorney Purohit are that he carried out all of the unconstitutional practices and discriminatory procedures.  (Id. at ¶ 7.)  Attached to the Complaint is a Monition, posted August 18, 2007, warning that the property at issue will be sold if there is no payment of the judgment lien.  Also attached is a tax bill and receipts for payment taxes.  As previously discussed, the Court takes judicial notice that Plaintiffs sought relief from Delaware State Courts subsequent to the sale of the property at issue.

To state a claim under § 1983, Plaintiffs must allege a deprivation of a right guaranteed by the Constitution or the laws of the United States by a defendant acting under color of law.

West v. Atkins, 487 U.S. 42, 48 (1988). Under the Fourteenth Amendment, a state may not deprive a citizen of his property without affording him due process of law. Brown v. Muhlenberg Twp., 269 F.3d 205, 213 (3d Cir. 2001). When a plaintiff alleges that state actors have failed to provide procedural due process, the Court determines whether the asserted individual interests are encompassed within the Fourteenth Amendment's protection of "life, liberty, or property." Gardner v. McGroarty, 68 F. App'x 307, 310-11 (3d Cir. 2003) (citations omitted) (unpublished opinion). If protected interests are implicated, the Court determines what procedures constitute "due process of law." Id. In general, due process must be afforded before the deprivation occurs, meaning the state must provide pre-deprivation process. Brown, 269 F.3d at 213. Where pre-deprivation process is made impossible, post-deprivation process is all that is due. Id.

It is evident from the allegations, that Sheriff Walsh and Attorney Purohit are state actors. It is further evident from the allegations that Plaintiffs were given some type of pre-deprivation process. They attached a copy of the Monition warning that the property at issue would be sold if there was no payment of the judgment for taxes or assessment against the property. The notice is dated October 11, 2007, and was posted October 18, 2007. The property was not sold until June 10, 2008.

11

The allegations and exhibits indicate that Plaintiffs were afforded pre-deprivation process in the form of a state court proceeding prior to the actions taken by Defendants. Although post-deprivation process is not required because pre-deprivation process was practicable and afforded to Plaintiffs, it appears that the State also provided Plaintiffs a post-deprivation process. Throughout the course of this litigation Plaintiffs have submitted state court documents. The documents indicate that Plaintiffs had the opportunity to, and in fact did, contest the sheriff's sale in the Delaware courts. They filed a Motion To Set aside the sale, and requested a Stay Of Execution. Finally, not satisfied with lower court rulings, appealed to the Delaware Supreme Court. Plaintiffs were given notice of State court proceedings prior to the judicially ordered foreclosure sale, and after that sale occurred, Plaintiffs attempted to set aside that sale. Accordingly, due process was provided to Plaintiffs. For these reasons, the Court concludes that Plaintiffs have not stated a cognizable § 1983 claim against Sheriff Walsh and Attorney Purohit, and will grant the Motion To Dismiss.[5]

---

[5]Inasmuch as Plaintiffs fail to state a claim upon which relief may be granted, the Court will not consider their qualified immunity argument. Additionally, the Court will not discuss dismissal based upon service insufficiencies as dismissal is appropriate pursuant to Rule 12(b)(6).

12

### E. § 1985 Claim

Section 1985 was enacted to combat conspiracies motivated by racial or class-based invidiously discriminatory animus. Plaintiffs' sole allegations under § 1985(3) is that "the alleged discriminatory practice is conspiracy." (D.I. 1., ¶ 5.) To state a claim under 42 U.S.C. § 1985(3), a plaintiff must allege: (1) a conspiracy; (2) that the conspiracy is motivated by a racial or class based discriminatory animus designed to deprive, directly or indirectly, any person or class of persons to the equal protection of the laws; (3) an act in furtherance of the conspiracy; and (4) an injury to person or property or the deprivation of any right or privilege of a citizen of the United States. See Lake v. Arnold, 112 F.3d 682, 685 (3d Cir. 1997).

While the Complaint contains allegations of individual acts taken by each Defendant, other than to invoke the word "conspiracy", it fails to allege any facts from which one could infer an agreement or understanding among Defendants to violate Plaintiffs' constitutional rights, or to discriminate against them under § 1985. For the above reasons, the Court will grant the Motion To Dismiss the § 1985 claim.

### F. § 1986 Claim

Plaintiffs fail to state a claim under § 1986. A cognizable 42 U.S.C. § 1985 claim is a prerequisite to stating a claim under

§ 1986. Robison v. Canterbury Vill., Inc., 848 F.2d 424, 431 n.10 (3d Cir. 1988); Brawer v. Horowitz, 535 F.2d 830, 841 (3d Cir. 1976). Because Plaintiffs have not properly pled a § 1985 violation under any viable legal theory, the Court will also dismiss their § 1986 claim.

## IV. CONCLUSION

Even liberally construing the Complaint, as the Court must, the Court concludes that the Complaint must be dismissed. The Court will grant the Motion To Dismiss of Defendants New Castle County, Attorney Purohit, and Sheriff Walsh. (15.) The Court will deny Plaintiffs' Motion For Leave And Extension Of Time And For Entry Of Default Judgment. (D.I. 24.) The only claim that remains is that against Defendant Sharon Agnew. An appropriate Order will be entered.